[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 07 2000
THOMAS K. KAHN
CLERK

_____

No. 98-7024

_____

D.C. Docket No. 95-02721-CV-AR-S

MILAN EXPRESS, INC.,

Plaintiff-Appellant, Cross-Appellee,

versus

AVERITT EXPRESS, INC., UNITED
STATES FIDELITY AND GUARANTY CO.,

Defendants-Appellees, Cross-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(April 7, 2000)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

BARKETT, Circuit Judge:

Milan Express, Inc. ("Milan") appeals the district court's order vacating in part for lack of jurisdiction the jury's award of damages. The district court vacated

the portion of the verdict awarding damages in excess of the amount of a Rule 56(c) bond posted to secure an injunction that had been wrongfully obtained by Averitt Express, Inc. ("Averitt").[1] The court ruled that its jurisdiction was limited only to Milan's claim for the specific amount of the bond and entered a final judgment upholding the jury's verdict for this amount. Averitt and U.S. Fidelity and Guaranty Co. ("USFG") cross-appeal from this final judgment, arguing that jurisdiction is likewise lacking over the claim on the bond. We affirm in part, and reverse and remand in part.

BACKGROUND

Milan and Averitt are trucking companies that have been involved in protracted litigation since the early 1990s when Averitt attempted to obtain intrastate operating authority in Alabama by contracting with another trucking company to transfer a portion of its operating authority to Averitt. When Averitt petitioned the Interstate Commerce Commission ("ICC") for approval of the transfer, Milan (and others) formally opposed the transfer, arguing to the ICC that "[t]he proposed interstate transaction . . . is merely a pretense for avoiding the jurisdiction of the Alabama Public Service Commission." The ICC nonetheless

---

[1] This Court determined in <u>North Alabama Express, Inc. v. ICC</u>, 62 F.3d 361 (11th Cir. 1995), that the injunction had been wrongfully obtained.

issued a final order affirming the transfer to Averitt. However, the Alabama Public Service Commission ("APSC") refused to honor the ICC's order and rejected the tariff filed by Averitt.

Averitt filed suit in federal district court, seeking to enjoin the APSC from interfering with Averitt's Alabama intrastate operations. The trial court issued a preliminary injunction, and required Averitt to post a $50,000 bond "for the payment of such costs and damages as may be incurred or suffered by the defendants if this preliminary injunction is subsequently found to have erroneously issued." USFG posted the bond as Averitt's surety. Ultimately, when Milan and others sought review, this Court set aside the ICC order, holding that the ICC lacked authority over matters solely concerned with intrastate commerce.

After prevailing in this Court, Milan filed its complaint in this case, seeking to recover from Averitt and USFG the $50,000 bond connected with the previously issued injunction and seeking damages in excess of the bond amount from Averitt. A jury determined that: 1) the injunction had been wrongfully issued and Milan was entitled to judgment against Averitt and USFG for $50,000 on the bond claim, and 2) the injunctive relief had been obtained by Averitt in bad faith, and Milan was entitled to total damages in the amount of $1,920,521.21.

3

After various post judgment motions and activity, the district court ultimately determined that, while it had jurisdiction over the claim for the amount of the injunction bond under 28 U.S.C. §1352, it lacked jurisdiction over Milan's claim for damages in excess of the bond amount and vacated the jury verdict of $1,870,521.21 against Averitt. Milan appeals the district court's refusal to enforce the verdict for $1,870,521.21 in damages. Averitt and USFG cross-appeal both the district court's judgment on the jury's verdict awarding the $50,000 bond amount and the district court's denial of judgment as a matter of law in their favor. We review questions of subject matter jurisdiction de novo. McMillan v. FDIC, 81 F.3d 1041, 1045 (11th Cir. 1996).

## DISCUSSION

### 1. Jurisdiction over the claim for the amount of the bond

In connection with the injunction issued by the district court in favor of Averitt in the preceding lawsuit, Averitt was required to post a bond of $50,000. See Fed. R. Civ. P. 65(c).[2] As an initial matter, we reject Averitt's claim that Milan does not have standing to seek relief under the bond because the bond was

---

[2] Federal Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of securities by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

issued in favor of "U.S. District Court for the Northern District of Alabama, Southern Division," not in favor of Milan. The district court ordered Averitt to "mak[e] bond in the amount of Fifty Thousand Dollars ($50,000.00) for the payment of such costs and damages as may be incurred or suffered by the defendants if this preliminary injunction is subsequently found to have been erroneously issued." Milan was at that point a defendant-intervener and was specifically listed in the injunction as a party that must comply with its provisions. Moreover, Rule 65(c), under which the bond was ordered, specifically states that the bond is to be used "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Milan is certainly such a party and is thus entitled to sue for the value of the bond.

Milan relies on several provisions as the basis for the district court's alleged jurisdiction over the suit on the bond. We agree with Averitt that neither Federal Rule of Civil Procedure 65.1 nor 49 U.S.C. § 14707 gives the district court jurisdiction over a claim to recover on the bond. A federal rule cannot be the basis of original jurisdiction. Rather, Rule 65.1 provides a permissive mechanism whereby parties aggrieved by a wrongfully issued injunction may summarily seek to recover on an injunction bond by filing a motion in the original suit rather than

5

by bringing a separate action. Fed. R. Civ. P. 65.1; see also Wright, Miller, & Kane, Federal Practice & Procedure: Civil 2d § 297 ("The importance of Rule 65.1 is that it permits the liability of a surety to be enforced through an expeditious, summary procedure without the necessity of an independent action. On the other hand, the rule is permissive and does not prohibit the bringing of an independent action against the surety, which may be commenced either in a state or federal court."). Milan did in fact make a Rule 65.1 motion in the original suit; the district court judge declined to act on that motion, reserving the issues for a separate action. Because this case is an independent action for damages resulting from a wrongfully issued injunction, Rule 65.1 is not a basis for jurisdiction.

Nor does 49 U.S.C. § 11708, recodified at 49 U.S.C. § 14707, provide subject matter jurisdiction. Section 11708, as written at the time the complaint in this case was filed, provided that a person injured by another person providing "transportation by motor vehicle or service of a household goods freight forwarder in clear violation of"certain provisions of Title 49 was entitled to "bring a civil action to enforce" the violated section of the Code. The district court could not "find anything which Averitt is alleged to have done or which was supported by evidence at trial, that arguably constituted a 'clear violation,' of any of these code sections or which would call for this action as a means to 'enforce any such

6

section.'" This case is a claim for damages suffered as a result of a wrongfully issued injunction, not a suit brought to enforce any of the covered provisions of the Code. Section 11708 cannot, therefore, serve as a basis for jurisdiction over this claim.

We do conclude, however, that 28 U.S.C. § 1352 provides a basis for jurisdiction over Milan's injunction bond claim. Section 1352 provides that "district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States . . . ." Averitt contends that this case does not fall within the ambit of Section 1352 because considering this injunction bond as "a bond executed under any law of the United States" would run counter to the intent of Congress. In support of its argument, Averitt relies on the 1948 Code reviser's notes, which indicate that Section 1352 was enacted for the purpose of allowing suits on "any bond authorized by the law of the United States" that would not otherwise have met the amount in controversy jurisdictional requirement. Averitt concludes from this limited indication of purpose that the statute was originally intended to cover only bonds issued under Title 6 of the U.S. Code, which has since been repealed. Averitt does not point to any authoritative source, however, to support this theory or its contention that we

should construe "any bond authorized by the law of the United States" to exclude injunction bonds.

This Circuit has not yet had occasion to decide whether an injunction bond is the type of bond contemplated by Section 1352. At least two other circuits, however, have implicitly held that parties aggrieved by a wrongfully issued injunction may sue to recover on an injunction bond under Section 1352. See Buddy Systems, Inc. v. Exer-Genie, Inc., 545 F.2d 1164, 1166 (9th Cir. 1976) (holding that there was no jurisdiction under Section 1352, but only because the bond had been dissolved); Atomic Oil Co. v. Bardahl Oil Co., 419 F.2d 1097, 1099 (10th Cir. 1969) (implicitly finding federal court jurisdiction over a collateral action to recover on an injunction bond); see also Alabama ex rel. Siegelman v. EPA, 925 F.2d 385, 388-90 (11th Cir. 1991) (adopting the reasoning of Atomic Oil Co.). Given the plain meaning of the language employed in Section 1352, we now join our sister circuits in concluding that an injunction bond, issued pursuant to Rule 65(c) to secure a federal court injunction, is in fact a "bond executed under any law of the United States." Averitt has offered no argument that persuades us that we should read any sort of restriction into the clear language in the statute. We therefore conclude that the district court had jurisdiction over the claim on the bond under 28 U.S.C. § 1352.

We also conclude, however, that the district court erred in submitting the claim on the injunction bond to the jury. This Court held in Siegelman that the decision whether to award "damages pursuant to an injunction bond rests in the sound discretion of the court's equity jurisdiction." 925 F.2d at 389 (quoting H & R Block, Inc. v. McCaslin, 541 F.2d 1098, 1099 (5th Cir. 1976)). Thus, although we find that the district court had jurisdiction to hear Milan's claim for the amount of the injunction bond, we are unclear as to whether, in reinstating the verdict on that claim, the court independently determined that Milan was entitled to recover on the injunction bond. Thus, on remand, the court shall consider, in light of the equities of the case, whether to exercise its discretion to award the amount of the injunction bond to Milan.

2. Jurisdiction over the claim for damages in excess of the bond amount

Having decided that the district court had initial jurisdiction to resolve Milan's claim on the bond, we turn to the question of whether jurisdiction extended to Milan's excess damages claim. Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over claims where the court would otherwise lack jurisdiction. Section 1367 provides that, unless the case falls into one of several enumerated exceptions, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

9

[the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  We find no merit in Averitt's contention that Milan's excess damages claim does not arise out of the same case or controversy as their bond claim.  Although it is true that Milan was required to prove more (e.g., that Averitt acted in bad faith) in order to prevail on the excess damages claim than it did in order to prevail on the bond claim, both claims clearly arise from the same set of facts.  This is sufficient to bring the excess damages claim under the purview of Section 1367 because the excess damages claim "arise[s] out of a common nucleus of operative fact with a substantial federal claim."  Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997).

In analyzing Section 1367, this Court has found that it "reflects a dichotomy between a federal court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)."  Lucero, 121 F.3d at 597.  We have held that, once a district court determines "that it has power to exercise supplemental jurisdiction under § 1367(a), then the court should exercise that jurisdiction, unless § 1367(b) or (c) applies to limit the exercise."  Baggett v. First Nat'l Bank of Gainsville, 117 F.3d 1342, 1352 (11th Cir. 1997).  Milan claims that the district court abused its discretion in failing to exercise

10

supplemental jurisdiction over the excess damages claim.[3] Milan suggests that, because the district court did not mention supplemental jurisdiction in the order in which the court asserted jurisdiction over the bond claim, we should consider this issue de novo. Averitt, on the other hand, contends that the district court properly decided not to exercise its supplemental jurisdiction because two of the factors in Section 1367(c) applied.[4] We consider the district court's failure to address the question of supplemental jurisdiction to be an oversight rather than an affirmative choice. Thus, because the district court did not analyze whether it should exercise its discretion to assume supplemental jurisdiction under the factors laid out in Section 1367 over the excess damages claim after that claim had been fully tried and determined by a jury, we remand this case so that the court may consider whether to do so.

---

[3] We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. See Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1351 n.4 (11th Cir. 1998).

[4] Section 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

11

Finally, Averitt urges this Court to find that the district court erred in denying Averitt's motion for judgment as a matter of law or alternatively for a new trial.  This Court has already held that the ICC's order, which the injunction was issued to protect, was erroneous.  North Alabama Express, Inc. v. ICC, 62 F.3d 361 (11th Cir. 1995).  Thus, we cannot now say that the injunction was appropriately issued.  The district court did not err in denying Averitt's motion.   Because the district court did not rule on Averitt's motions regarding the excess damages claim, we will not consider those claims herein, but will leave that consideration to the district court on remand.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.