[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10840
Non-Argument Calendar

_____

D. C. Docket No. 04-00419-CV-MRC/MD

LARRY HAYNES,

Plaintiff-Appellant,

versus

SACRED HEART HOSPITAL,
F. E. NORA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 30, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Larry Haynes, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action for lack of subject-matter jurisdiction. Haynes does not challenge the district court's findings regarding the deficiencies of his complaint, rather, he argues that it was an abuse of discretion to give an eleven-year-old child adult Lasix, citing to non-binding case law dealing with medical malpractice, personal injury, and negligence.

We reviews questions of subject-matter jurisdiction de novo. See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000). Subject-matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction. For federal question jurisdiction, Haynes must allege a violation of his constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. For diversity jurisdiction, Haynes must allege that he and the defendants are citizens of different states and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In this case, Haynes is proceeding under federal question jurisdiction pursuant to § 1983.

In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). State action requires both an alleged constitutional deprivation "caused by the

2

exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. Nail v. Community Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir. 1986). If we conclude there is no state action, we must dismiss the plaintiff's § 1983 claim. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Only in rare circumstance may a private party be viewed as a state actor for § 1983 purposes. Id. at 1347. To hold that private parties are state actors, we must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). Id.

Because Haynes did not allege a constitutional violation by a state actor, he fails to meet the jurisdictional prerequisites to bring an action under § 1983. Haynes did not allege any other basis for federal jurisdiction, and thus, the district

3

court properly dismissed his civil complaint for lack of subject-matter jurisdiction.

**AFFIRMED.**