[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12626
Non-Argument Calendar

_____

D. C. Docket No. 04-00335-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EBERTO MARTINEZ-GONZALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 24, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Eberto Martinez-Gonzales appeals his 135-month concurrent sentences

imposed after pleading guilty to (1) possession with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a) and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii). Martinez-Gonzales argues that the district court erred in denying his request for a minimal-role or minor-role reduction and that his sentence is unreasonable. The government responds that the district court did not clearly err in declining to grant Martinez-Gonzales a minimal- or minor-role reduction. The government also argues that we lack jurisdiction over Martinez-Gonzales's challenge that his sentence is unreasonable because the sentence imposed was within the advisory guideline range and therefore is not appealable within the meaning of 18 U.S.C. § 3742(a).

According to the presentence investigation report, a United States Coast Guard helicopter spotted a "go-fast" vessel carrying numerous bales of cocaine. Upon observing the helicopter, the crew members began jettisoning the cocaine. A team from a nearby Coast Guard vessel boarded the "go-fast" and arrested the eight crew members, including Martinez-Gonzales. Sixteen bales of cocaine, containing a total of 320 kilograms of cocaine, were recovered.

Martinez-Gonzales first argues that the district court erred in declining to grant a minimal- or minor-role adjustment. We review the district court's determination of a defendant's role in the offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant who is a minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. A defendant is a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.3. "[A] district court's determination of a defendant's mitigating role in the offense should be informed by two modes of analysis[.]" *De Varon*, 175 F.3d at 945. First, the defendant's role must be measured "against the relevant conduct for which [he] was held accountable at sentencing[.]"[1] *Id*. Second, the defendant's role may be measured against that of other participants in the relevant conduct. *Id*. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

Here, the record supports the district court's finding that Martinez-Gonzales's role was not minimal or minor. Applying the first part of the *De Varon* analysis, Martinez-Gonzales was held accountable for the possession of the 320

---

[1]"Relevant conduct" is the conduct for which the defendant is held accountable under U.S.S.G. § 1B1.3. *De Varon*, 175 F.3d at 934.

kilograms of cocaine that were jettisoned from the boat. Therefore, his actual and relevant conduct were the same. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *De Varon*, 175 F.3d at 942-43.

With respect to the second part of the *De Varon* analysis, there is insufficient evidence to show that Martinez-Gonzales was a minor or minimal participant in comparison to others. In determining whether a defendant was less culpable than others, "the district court should look to other participants only to the extent that they are identifiable or discernible from the evidence." *Id*. at 944. Here, the only persons identifiable from the evidence are Martinez-Gonzales and the seven other crew members of the vessel. Martinez-Gonzales argues that there were other individuals involved, but "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a [mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id*. at 941. Further, Martinez-Gonzales has provided no evidence that he was the among the least culpable of the crew members. He claims only that he was a "deck hand" whose role was limited to take turns driving the vessel.

However, he has not shown that his responsibilities aboard the vessel were less vital to the enterprise than those of any other crew members. Therefore, Martinez-Gonzales has failed to show that he was entitled to a mitigating-role adjustment.

Martinez-Gonzales also argues that his sentence was unreasonable in light of the factors listed in 18 U.S.C. § 3553(a). The government responds that we lack jurisdiction to consider the issue because a sentence imposed within the guidelines range is not appealable for reasonableness within the meaning of 18 U.S.C. § 3742(a).

We review questions of jurisdiction de novo. *See Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000). We have previously rejected the government's position with regard to jurisdiction. *See United States v. Martinez*, 11th Cir. 2006, ___ F.3d ___, (No. 05-12706, Jan. 9, 2006) (per curiam); *see also United States v. Mickelson*, 8th Cir. 2006, ___ F.3d ___, (No. 05-2324, Jan. 6, 2006) (rejecting the government's position that appellate courts lack jurisdiction to review sentences for reasonableness under § 3742(a)).

Because we have jurisdiction to entertain appellate review, we now turn to the reasonableness of Martinez-Gonzales's sentence. "We review [Martinez-Gonzales's] final sentence, in its entirety, for unreasonableness in light of the factors in § 3553(a)." *Martinez*, ___ F.3d at ___; *see also United States v.*

*Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam) ("We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness."). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable," although such a sentence is not per se reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Here, the sentence of 135 months' imprisonment is not unreasonable. This sentence was at the low end of the guidelines range, a range that takes into account Martinez-Gonzales's offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. *See United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005). The record reveals nothing to indicate that such a sentence was unreasonable in light of the § 3553(a) factors. Therefore, the district court did not err in sentencing Martinez-Gonzales.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error in the district court's denial of a mitigating-role reduction or in the sentence imposed. Accordingly, we affirm.

**AFFIRMED.**