[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

No. 05-12418
Non-Argument Calendar

_____

D. C. Docket No. 96-00010-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO ROJAS-SANTANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2006)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Gustavo Rojas-Santana, proceeding *pro se*, appeals the district

court's denial of his post-judgment motion for court intervention requesting the court to conduct an evidentiary hearing concerning the government's failure to file a substantial assistance motion under Fed. R. Crim. P. 35, and if necessary, order the government to specifically perform its portion of a plea agreement. In his motion, Rojas-Santana alleges that the government's failure to file a substantial assistance motion amounted to a breach of his plea agreement. The district court denied Rojas-Santana's motion for lack of jurisdiction.

We must resolve jurisdictional issues before we address the merits of underlying claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1012-16, 140 L. Ed. 2d 210 (1998). We review questions of subject matter jurisdiction *de novo*. *Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000).

Rule 35(b)(2) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's substantial assistance involved information not known by the defendant, not useful to the government, or the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P.

35(b)(2).[1]

We have held that the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992)) (holding such in the context of U.S.S.G. § 5K1.1). If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. *United States v. Gonsalves*, 121 F.3d 1416, 1419-20 (11th Cir. 1997). However, where a plea agreement requires the government to "consider" filing a Rule 35 motion, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. *See Forney*, 9 F.3d at 1500-02.

The Supreme Court has held that we also "have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or

---

[1] In *Eberhart v. United States*, __ U.S. __, 126 S. Ct. 403, 405, 163 L. Ed. 2d 14 (2005), the Supreme Court held that the time limitations for filing a motion for a new trial under Fed. R. Crim. P. 33 were not jurisdictional, but instead, were non-jurisdictional claim-processing rules. The Supreme Court did not address Rule 35, and neither party cites *Eberhart* in the instant case. We note that even if *Eberhart* applies to the time limitations in Rule 35(b), it has no bearing on the outcome of this appeal and the term "jurisdiction" is used here for convenience.

3

religion," or was not "rationally related to any legitimate [g]overnment end." *Wade*, 504 U.S. at 185-86, 112 S. Ct. at 1843-44. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. *Id.* at 186, 112 S. Ct. at 1844. Thus, judicial review is generally appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502.

Though it is unclear to us on what grounds the district court denied Rojas-Santana's motion for lack of jurisdiction as its order contained no factual reasons or legal analysis, the record clearly reflects that the district court had no jurisdiction to entertain Rojas-Santana's motion. To the extent that Rojas-Santana alleges a plea breach, the agreement clearly stated that the government was not required to make a substantial assistance motion and Rojas-Santana acknowledged this. Since the government only had to "consider" filing a substantial assistance motion, it did not breach the agreement by failing to file such a motion, and the district court had no jurisdiction to review the claim of breach. *See Forney*, 9 F.3d at 1500-02. Thus, because the plain language of Rojas-Santana's plea agreement provided only that the government would consider whether his aid qualified for

4

substantial assistance, there was no plea breach and the district court had no jurisdiction to consider his claim.

Absent a threshold showing of plea breach, the only way the district court would have had any power to act on Rojas-Santana's claim under Rule 35 was if he alleged an unconstitutional motive. Rojas-Santana neither alleged nor made a substantial showing that the government's refusal to file a substantial assistance motion, either before or after sentencing, was based on suspect reasons, such as his race or religion, or that its refusal was not related to a legitimate government end. Instead, he merely claimed that he provided substantial assistance and generally alleged that the government breached its plea agreement with him and acted in bad faith by not filing a substantial assistance motion, and this does not entitle him to relief. *See Wade*, 504 U.S. at 186, 112 S. Ct. at 1844. As such, there remains no basis for the district court's review of Rojas-Santana's motion. *See id.* Consequently, despite Rojas-Santana's request for an evidentiary hearing, he was not entitled to one because he did not allege that the government's refusal to file a substantial assistance motion was based on an impermissible, unconstitutional motive, and "[a] claim that a defendant merely provided substantial assistance will not entitle a defendant to . . . an evidentiary hearing." *See id.*

Accordingly, because Rojas-Santana cannot show that he was entitled to

judicial review of the government's refusal to file a substantial assistance motion, we affirm the district court's order denying Rojas-Santana's post-judgment motion for court intervention.

**AFFIRMED.**