[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12231

_____

D. C. Docket No. 02-00190-CV-WLS-1

JEFFERY GARDNER,
ROGER CLAYTON,

Plaintiffs-Appellees,

versus

CITY OF CAMILLA, GEORGIA, et al.,

Defendants,

MIKE SCOTT, Individually and in
his official capacity as City Manager
of the City of Camilla, Georgia,
DAVID IRWIN, Individually and in
his official capacity as Fire
Chief of City of Camilla, Georgia,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 21, 2006)

Before BIRCH, CARNES and BRUNETTI[*], Circuit Judges.

PER CURIAM:

Mike Scott and David Irwin, defendants-appellants in this employment discrimination action, appeal the district court's denial of their motion for summary judgment based on qualified immunity as to the race discrimination and retaliation claims brought against them pursuant to 42 U.S.C. § 1983. First, we find that because Scott has essentially raised only issues of evidence sufficiency as to the discrimination claims, we are left without jurisdiction to review them upon interlocutory appeal. Second, after confirming our jurisdiction as to the retaliation claims, we find the district court erred in denying qualified immunity because there is no clearly established right under the Equal Protection Clause to be free from retaliation. Accordingly, we DISMISS IN PART, VACATE IN PART, and REMAND for further proceedings in accordance with this opinion.

## I. BACKGROUND

This appeal relates to four separate actions that were later consolidated. Jeffery Gardner and Roger Clayton, both black male captains of the fire department of the City of Camilla, Georgia (the "City"), filed separate complaints against the City and Scott, the city manager. Gardner and Clayton alleged claims

[*]Honorable Melvin Brunetti, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

2

of race discrimination pursuant to 42 U.S.C. § 1983 based on the failure of the City and Scott to promote them to the position of fire chief and on their decision to hire Irwin, a white firefighter, for the position. Gardner and Clayton also filed separate complaints against the City, Scott, and Irwin, alleging claims of retaliation pursuant to § 1983.[1]

The defendants filed a motion for summary judgment, arguing, inter alia, that (1) Scott and Irwin were entitled to qualified immunity as to the § 1983 race discrimination and retaliation claims; (2) Gardner and Clayton could not show that Scott's legitimate, nondiscriminatory reasons for not promoting Gardner and Clayton were pretextual; and (3) Gardner and Clayton did not suffer an adverse employment action sufficient to support a retaliation claim. The district court denied the motion on the grounds that (1) there was a genuine issue of material fact as to whether the legitimate, nondiscriminatory reasons Scott gave for not promoting Gardner and Clayton were a pretext for racial discrimination; (2) although Gardner and Clayton had established a prima facie case of retaliation,

---

[1]Gardner and Clayton each also alleged claims of (1) retaliation and race discrimination (including hostile work environment) under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and (2) interference with an employment relationship and emotional distress under Georgia law. The district court granted summary judgment in favor of Scott and Irwin with respect to these claims. This appeal concerns only the district court's denial of summary judgment based on qualified immunity with respect to the § 1983 discrimination and retaliation claims, and so we do not address the remaining claims. Further, the City of Camilla is not a party to this appeal.

Scott and Irwin had failed to rebut it with a legitimate, nondiscriminatory reason for their actions; and (3) neither Scott nor Irwin was entitled to qualified immunity because "the right to be free from racial discrimination is so 'clearly established' that it is axiomatic and requires no citation to Eleventh Circuit precedent," and "if the allegations prove true, then Defendants['] actions violated this right."  R1-62 at 13.

On appeal, Scott argues that he is entitled to qualified immunity as to Gardner and Clayton's § 1983 discrimination claims because they failed to produce "significant probative evidence" of racially discriminatory intent in his failure to make either of them fire chief.  He further asserts that the district court, in its brief statement confirming the general unconstitutionality of racial discrimination, failed properly to complete the qualified immunity analysis as to whether the right allegedly violated had been clearly established.  More specifically, he argues that, even if there is evidence of discriminatory intent, he is still entitled to qualified immunity under our decision in Foy v. Holston[2] because he was also motivated by legitimate, nondiscriminatory reasons.  Scott and Irwin then both argue that they are due qualified immunity as to the retaliation claims because Gardner and

_____

[2]94 F.3d 1528 (11th Cir. 1996)

4

Clayton improperly asserted a violation of their equal protection rights in connection with their § 1983 retaliation claims.

## II. DISCUSSION

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). We review denials of qualified immunity de novo, resolving all issues of material fact in favor of the plaintiff. Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000).

A. Racial Discrimination Claims

1. Jurisdiction

Because this appeal arises from a denial of summary judgment rather than from a final order, we must first determine whether we have jurisdiction. "We review questions of subject matter jurisdiction de novo." See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000). "[A] district judge's denial of [summary judgment based on qualified immunity] is an immediately appealable collateral order, provided that it concerns solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established

5

and (2) whether the alleged acts violated that law" – the two parts of the "'core qualified immunity' analysis." Koch v. Rugg, 221 F.3d 1283, 1294-95 (11th Cir. 2000) (emphasis omitted). In other words, it must "present a legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts." Id. at 1294. If the defendant "challenges only sufficiency of the evidence relative to a 'predicate factual element of the underlying constitutional tort,'" we have no jurisdiction. Id. at 1296 (quoting Dolihite v. Maughon ex rel. Videon, 74 F.3d 1027, 1033 n.3 (11th Cir. 1996)). Such an issue is not immediately appealable because it "involve[s] the determination of 'facts a party may, or may not, be able to prove at trial.'" Id. (quoting Johnson v. Jones, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156) (1995).

In Koch, we lacked jurisdiction because the interlocutory appeal – based "solely on the lack of evidence to show racially discriminatory intent in the[] decision not to hire [the plaintiff-appellee]" – presented "a critical element of the principal case for trial, rather than core qualified immunity issues." Id. at 1298. "When discriminatory intent is a predicate factual element of the underlying constitutional tort, we have recognized that sufficiency of discriminatory-intent

6

evidence generally is not part of the core qualified immunity analysis." Id. at 1297.

As in Koch, Scott here argues that there is a lack of evidence to show racially discriminatory intent in his decision not to hire either Clayton or Gardner. Based on this issue alone, we have no jurisdiction. Scott, however, has also argued that it was not clearly established that his actions violated a constitutional right held by Clayton and Gardner.[3]

---

[3]The determination of whether federal law is "clearly established" must be made "in light of the specific context of the case, not as a broad general proposition." Vinyard, 311 F.3d at 1349. Because the "right the official is alleged to have violated must have been 'clearly established' in a more particularized and hence more relevant sense," Anderson v. Creighton, 483 U.S. 635, 640 (1987), Scott may be correct that the broad abstract statement by the district court is technically insufficient. To the extent Scott argues that we have jurisdiction on the basis of that legal argument, we observe that it is difficult to imagine that a right could be "so 'clearly established' that it is axiomatic and requires no citation to Eleventh Circuit precedent." In this case, however, the addition of the words "in the context of employment decisions" would have sufficed.

Taking the facts alleged in the light most favorable to Gardner and Clayton, Scott discriminated against them on the basis of race in hiring Irwin as fire chief. As we noted in Koch, "race discrimination was prohibited in public employment well before the challenged employment decision" here. See Koch, 221 F.3d at 1298 n.32 (citing Washington v. Davis, 426 U.S. 229, 239-41, 96 S. Ct. 2040, 2047-48 (1976) and Busby v. City of Orlando, 931 F.2d 764, 775 (11th Cir. 1991) (per curiam)). Further, we have specifically found various race-based employment decisions by public officials, including those concerning discipline, promotions, and reclassifications, to be in violation of a constitutional right. See Alexander v. Fulton County, Ga., 207 F.3d 1303, 1313, 1321 (11th Cir. 2000) (affirming a jury verdict of intentional employment discrimination by a black sheriff who made race-based employment decisions concerning white officers with respect to discipline, promotions, transfers, and reclassifications); Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1064 (11th Cir. 1992) (holding that intentionally discriminatory hiring and firing practices violated the Equal Protection Clause); Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1478 (11th Cir. 1991) (recognizing a right under the Equal Protection Clause to be free from termination because of race).

Accordingly, despite the district court's failure to analyze the right violated in a more specific context, the court was correct in concluding that, because whether Scott acted with discriminatory intent in hiring Irwin over Gardner or Clayton remains a genuine issue of material

7

2. Foy

More specifically, Scott now argues that, even if there is evidence of discriminatory intent, he is entitled to qualified immunity under our decision in Foy v. Holston, wherein we held that "[a]t least when an adequate lawful motive is present, that a discriminatory motive might also exist does not sweep qualified immunity from the field even at the summary judgment stage." Foy, 94 F.3d at 1534-35. We have further clarified, however, that "[a] defendant is entitled to qualified immunity under the Foy rationale only where, among other things, the record indisputably establishes that the defendant in fact was motivated, at least in part, by lawful considerations." Stanley v. City of Dalton, Ga., 219 F.3d 1280, 1296 (11th Cir. 2000) (emphasis added).

Although this might appear to raise a legal argument as to the core qualified immunity issue of whether Scott's alleged conduct violated a clearly established constitutional right, it is essentially only an evidence sufficiency issue in the guise of a question of law. Scott, both here and below, asserted that he chose not to hire Gardner or Clayton as fire chief because they lacked the requisite leadership and organizational skills. The district court denied Scott qualified immunity as to the race discrimination claim with respect to this argument because it found a genuine

---

fact for trial, summary judgment based on qualified immunity as to the race discrimination claims was not appropriate on that ground.

8

issue of material fact as to whether the proffered legitimate reasons were in fact pretext for racial discrimination. Thus, the district court, in essence, found that the record did not indisputably establish the existence of a nondiscriminatory motive. As such, the district court did not err in its qualified immunity analysis as to that issue. In his appeal, based on proffered but unestablished legitimate reasons, Scott has merely raised a second evidence sufficiency issue, over which we have no jurisdiction upon interlocutory appeal.

B. Retaliation Claims

Scott and Irwin both argue that each is entitled to qualified immunity with respect to Gardner and Clayton's § 1983 retaliation claims. Because Scott and Irwin's argument here is based solely on an issue of law – whether Gardner and Clayton have presented a constitutional violation – we have jurisdiction over the denial of qualified immunity as to these claims. See Koch, 221 F.3d at 1294. Accordingly, we proceed to the argument.

"The right to be free from retaliation is clearly established as a first amendment right and as a statutory right under Title VII; but no clearly established right exists under the equal protection clause to be free from retaliation." Ratliff v. DeKalb County, Ga., 62 F.3d 338, 340 (11th Cir. 1995). Here, Gardner and Clayton both alleged, pursuant to § 1983, that, after they had filed their

9

discrimination actions, Scott and Irwin retaliated against them in violation of their right to equal protection by (1) relieving them of their training duties in favor of a less-qualified white individual, (2) denying them training opportunities and schooling, and (3) diminishing their authority and supervisory duties.  Because we have held that no clearly established right exists under the Equal Protection Clause to be free from retaliation, even when we take the facts in the light most favorable to Gardner and Clayton, they cannot demonstrate that the actions of either Scott or Irwin violated a constitutional right.  Accordingly, Scott and Irwin are entitled to qualified immunity as to the § 1983 retaliation claims.[4]

### III. CONCLUSION

Scott and Irwin appeal the district court's denial of their motion for summary judgment based on qualified immunity with respect to both the discrimination and retaliation claims brought against them pursuant to 42 U.S.C. § 1983.  First, because Scott essentially raises only evidence sufficiency issues as to the discrimination claims, we lack jurisdiction over the interlocutory appeal of the district court's denial of qualified immunity with respect thereto.  Second, because

---

[4]The appellees also argue that the district court erred in granting summary judgment to the appellants on the appellees' § 1981 retaliation claims, finding that such claims were duplicative of their § 1983 retaliation claims.  The appellees failed to perfect an appeal and, therefore, an appeal of that portion of the district court's order is not properly before us.  See Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984).

10

Scott and Irwin raise a question of law concerning qualified immunity as to the retaliation claims, we do have jurisdiction and, because there is no clearly established right under the Equal Protection Clause to be free from retaliation, Scott and Irwin are entitled to qualified immunity as to those claims. Accordingly, we **DISMISS** the appeal as to the district court's denial of qualified immunity as to the race discrimination claims, **VACATE** as to the denial of qualified immunity with respect to the retaliation claims, and **REMAND** for further proceedings consistent with this opinion.