[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11049
Non-Argument Calendar
_____

D.C. Docket No. 0:95-cr-06031-MGC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON BURNS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 18, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER C

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17418
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00124-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 18, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES and JILL PRYOR, Circuit
Judges.

PER CURIAM:

URIAM:

2

Clinton Burns, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to appoint a special grand jury and prosecutor, his petition for a writ of continuing garnishment, and his petition for a writ of habeas corpus ad testificandum. After careful review, we affirm.

I.

In 1995, Burns was convicted of a number of drug offenses and sentenced to life imprisonment. This Court affirmed his convictions and sentence. Burns then filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied his motion.

In January 2017, Burns filed four pleadings in the district court relevant to this appeal: (1) a motion for special grand jury and prosecutor; (2) a petition for a writ of continuing garnishment; (3) a petition for habeas corpus ad testificandum; and (4) a motion for leave to proceed in forma pauperis. These filings allege prosecutorial misconduct and demand that Burns be allowed to testify at a trial in order to prove his allegations. They also indicate that Burns was owed $2,500,350 from a variety of debtors, including the prosecutors and the district court judge who had presided over his trial and sentencing.

The district court granted Burns's motion for leave to proceed in forma pauperis. However, it denied his other motion and petitions, finding them to be "inapplicable at this stage of the case." The court reasoned that because the "grand

jury motion is an improper vehicle to challenge his criminal case proceedings, his writ of garnishment against the judicial and prosecutorial teams is inapplicable[] and his testimony request is unnecessary at this time." This appeal followed.

II.

Burns argues on appeal that the district court abused its discretion by denying his motion and petitions. He says he provided enough proof to warrant an evidentiary hearing about his convictions.

We review the denial of Burn's postconviction motions in this case for an abuse of discretion. See Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). This Court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). We review de novo questions of jurisdiction, and will examine a district court's jurisdiction over an action even if the district court did not address those issues. Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2005); United States v. Alabama, 791 F.2d 1450, 1454 (11th Cir. 1986).

Despite how they were styled, Burns's filings challenge his convictions and sentence. Because Burns is attempting to reopen a final judgment and has already filed a previous § 2255 motion, we must treat his filings in this case as a second or successive petition. See Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1277 & n.11 (11th Cir. 2004) (en banc). The district court lacked jurisdiction to even

consider such a challenge.  See 28 U.S.C. § 2244(b)(3) (requiring a prisoner to apply for and receive permission from this Court before filing a second or successive § 2255 motion).  Burns may file an application with this Court seeking collateral review of his convictions and sentence, but he cannot seek relief directly from the district court on this basis.[1]

As for the writ of continuing garnishment, Burns has offered no context or explanation for why the people he named in the petition owe him over $2 million.  Neither does our review of the record indicate any reason for such a debt.  We therefore conclude the district court did not abuse its discretion in denying Burns's filing.

**AFFIRMED.**

---

[1] Burns also filed a motion in this Court on May 22, 2017 seeking to supplement the record.  We decide whether to allow the appellate record to be supplemented on a case-by-case basis.  Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  In this case, the material Burns wishes to submit would not affect the district court's jurisdiction.  The motion is therefore **DENIED**.