[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12111
Non-Argument Calendar
_____

D.C. Docket Nos. 1:18-cv-24810-RNS; 1:16-bkc-20517-AJC

In Re: WILTON PEREZ,

Debtor.

_____

WILTON PEREZ,

Plaintiff-Appellant,

versus

MARIA YIP, as Trustee of Providence Financial Investments, Inc.
and Providence Fixed Income Fund, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2020)

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Wilton Perez appeals *pro se* the district court's order affirming the bankruptcy court's judgment in favor of Maria Yip, as Trustee ("the Trustee") of Providence Financial Investments, Inc., and Providence Fixed Income Fund, LLC (collectively, "Providence"), in an adversary proceeding against Perez and his company for fraudulent transfer and unjust enrichment, to recover commissions paid in relation to an alleged Ponzi scheme. On appeal, Perez argues that the bankruptcy court lacked jurisdiction to enter judgment for the Trustee under Federal Rules of Civil Procedure 7 and 8, as the Trustee did not allege that he had received an excessive commission. He also argues that the evidence did not support the bankruptcy court's finding that he had managed a mere $1.1 million for Providence (rather than over $8 million, as he alleges) and that—as a result—the court erred by calculating that he had received a 23% commission, finding that commission excessive, and awarding the Trustee $176,000.

# I

"We review questions of subject matter jurisdiction de novo," *Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000), and they may be raised at any time, "even initially at the highest appellate instance." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 576 (2004) (internal quotation

marks and citation omitted).  We review both the bankruptcy court's and district court's conclusions of law de novo and the bankruptcy court's findings of fact for clear error.  *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

A bankruptcy court has jurisdiction to "hear . . . all core proceedings" in bankruptcy cases referred to it by the district court, including "proceedings to determine, avoid, or recover fraudulent conveyances," and to "enter appropriate orders and judgments" therein.  28 U.S.C. § 157(a)–(b)(1), (2)(H), (c)(2).  As relevant to Perez's argument on appeal, Federal Rule of Civil Procedure 7 lists allowed pleadings and the requirements for motions requesting court orders, and Rule 8 lists requirements for the contents of pleadings.

Perez's jurisdictional argument is meritless.  The bankruptcy court indubitably had jurisdiction over the underlying dispute as a "proceeding[] to . . . recover fraudulent conveyances" in a bankruptcy case.  28 U.S.C. § 157(b)(1), (2)(H).  That the Trustee failed to plead that Perez received excessive commissions is irrelevant:  The Trustee stated proper claims for fraudulent conveyances, then Perez raised the defense that he received those payments "for value and in good faith"—elements which Perez had the burden of proving.  11 U.S.C. § 548(c); *see also In re Am. Way Serv. Corp.*, 229 B.R. 496, 525 (Bankr. S.D. Fla. 1999).  This affirmative defense only allows him to retain the payments "to the extent that [he] . . . gave value to the debtor in exchange."  11 U.S.C. § 548(c).  Because the

burden was on Perez to plead and prove that the payments were proportional to the value of his services, the Trustee's failure to plead disproportionality is no defect at all. And it certainly creates no jurisdictional problem; nothing in Federal Rules of Civil Procedure 7 or 8 even purports to limit the bankruptcy court's jurisdiction.

## II

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The district court below held that because Perez had not designated a record on his appeal, it could not review his challenges to the bankruptcy court's factual findings. Even reading his initial brief liberally, we can identify no argument that the district court erred in affirming the judgment of the bankruptcy court on that ground. Perez does not so much as mention his failure to designate a trial transcript in his initial brief on appeal and explicitly refers to his factual contention that he never received commissions in excess of 7.5% as "[t]he only issue [on] this appeal." Accordingly, because he does not challenge an independently adequate ground for the district court's affirmance of the bankruptcy court's decision, we affirm.

**AFFIRMED.**

4