[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10616

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEROY THOMAS JOYNER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:22-cr-00242-ECM-JTA-1

_____

Before ROSENBAUM, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

Appellant Leroy Joyner, Jr., proceeding *pro se*, appeals the district court's orders denying his motions requesting transcripts and a motion for reconsideration. The government has moved for summary affirmance. The government's motion is GRANTED.

## I.

Joyner was charged in federal district court with transporting a minor with the intent that the minor engage in sexual activity. In district court, Joyner at times proceeded *pro se* and at other times was represented by counsel. A jury ultimately found him guilty of the charged crime, and the district court sentenced him to 300 months' imprisonment. Joyner filed a notice of appeal, and his direct appeal of his conviction and sentence is currently pending in our Court.

Joyner submitted a transcript order form to the court reporter, ordering transcripts of various proceedings in his criminal case that he would need for his appeal. The court reporter prepared the transcripts Joyner ordered. Joyner filed motions in the district court requesting copies of the transcripts that he had ordered as well as transcripts for proceedings that were not part of the case.

The district court granted the motions in part, ordering the clerk to provide Joyner with certain transcripts that he requested from the criminal case. But it noted that the magistrate judge

previously had ordered the United States Marshal to deliver transcripts of some of the pretrial proceedings as well as the entire trial to Joyner. Because Joyner had not asserted that the United States Marshal failed to deliver these transcripts, the court declined to provide Joyner with a second copy of them.

The court noted that some of the transcripts Joyner sought in his motions predated the filing of his criminal case. Among other things, he requested transcripts of recordings of a state court hearing as well as two witness interviews. The court denied Joyner's request for these transcripts. It explained that even though the recordings were admitted as exhibits at Joyner's trial, the court reporter was not required to transcribe them as part of the trial transcript and thus denied his request for these transcripts. Joyner filed a motion for reconsideration, which the court also denied.

This is Joyner's appeal of the district court's orders denying in part his requests for the transcripts. The government has filed a motion for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

4                    Opinion of the Court                    25-10616

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## III.

In this appeal, Joyner challenges the district court's orders denying his requests for transcripts. He argues that the district court erred because (1) it lacked jurisdiction to rule on his requests for transcripts because the court issued its orders after he filed his direct criminal appeal, and (2) assuming the district court had jurisdiction, it was required to provide him with the requested transcripts. We grant the government's motion for summary affirmance because its position is clearly right as a matter of law and there is no substantial question as to the outcome of this appeal.

We begin with Joyner's argument about jurisdiction.[2] "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). But "it does not prevent the district court from taking action in furtherance of the appeal" or "entertaining motions on matters collateral to those issues on appeal." *Id.* (citation modified). Even though Joyner had filed a notice of appeal, the district court retained jurisdiction to rule on Joyner's motions requesting transcripts because he was

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

[2] We review *de novo* whether the district court retained jurisdiction. *See Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000).

requesting that the court act in furtherance of his direct appeal. *See id.*

Joyner also argues that the district court erred in refusing to provide him with all the transcripts he had requested. As an indigent criminal defendant, Joyner was entitled to receive copies of the transcripts of the proceedings in his criminal case at no cost. *See* 28 U.S.C. § 753(f) (explaining that fees for transcripts furnished to indigent criminal defendants are to be "paid by the United States"); *see also Entsminger v. Iowa*, 386 U.S. 748, 751–52 (1967) (recognizing that transcripts must be provided to indigent defendants to ensure adequate and effective appellate review). The record here reflects that Joyner received the requested transcripts for the court proceedings in this case.[3]

Joyner nevertheless asserts that the district court erred because he has not received other transcripts he requested, such as transcripts of recordings that were introduced as exhibits at trial. But nothing in the law "requires that . . . audio or video recordings, which are not testimony but are themselves admitted into evidence

---

[3] On appeal, Joyner for the first time requests a copy of the transcript for an August 2, 2024 status hearing before a magistrate judge. But Joyner did not mention this transcript in the motion he filed in the district court. This is unsurprising given that Joyner did not order this transcript from the court reporter until *after* the district court denied his motion seeking transcripts. And he did not mention this transcript in his motion for reconsideration. Because Joyner never sought the August 2, 2024 transcript in the motions before us in this appeal, any issue related to this transcript is forfeited for purposes of this appeal. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

as exhibits, also be transcribed by the court reporter." *United States v. Cannon*, 987 F.3d 924, 946 (11th Cir. 2021) (citation modified). We conclude that it is clear as a matter of law that the district court did not err when denying Joyner's requests for transcripts of the additional materials.

Accordingly, because the government's position is clearly correct as a matter of law so that there can be no substantial question as to the outcome of this case, we GRANT the government's motion for summary affirmance. *See Groendyke*, 406 F.2d at 1162.

**AFFIRMED**.